IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00045-CR

 

Barry David Williams,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 54th District Court

McLennan County, Texas

Trial Court No. 2005-1113-C

 



O p i n i o n



 








Appellant Barry David
Williams was convicted of assault against his wife, Jenetta.  Because of a
previous conviction for assault against a family member, he received a probated
ten-year prison sentence and a $10,000 fine.  Williams appeals this conviction. 


Background

      On the evening of March 23, 2005, Officer
Daniel Rodriguez responded to a call from Jenetta, at a convenience store.  When
he arrived, she was holding her head as if she had been hurt and appeared to
have been crying.  After discussing the incident with her and receiving her
written statement, he called for additional officers to meet with Williams to
verify Jenetta’s story.  Subsequently, a warrant was issued for Williams’s
arrest for Family Violence Assault.

      At trial, the court sustained defense
counsel’s hearsay objections to Rodriguez’s testimony concerning Jenetta’s statements
to him at the convenience store.  Further, because Jenetta recanted her written
statement, it was admitted only for impeachment purposes.  In two issues,
Williams challenges the legal and factual sufficiency of the evidence to
establish that he intentionally, knowingly, or recklessly committed the act
alleged.

Standard of Review

      When reviewing a challenge to the legal
sufficiency of the evidence to establish the elements of a penal offense, we must
determine whether, after viewing all the evidence in the light most favorable
to the verdict, any rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt.  See Jackson v. Virginia,
443 U.S. 307, 318-19, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).  The
standard is the same for both direct and circumstantial evidence cases.  Kutzner
v. State, 994 S.W.2d 180, 184 (Tex. Crim. App. 1999).  We do not resolve
any conflict of fact or assign credibility to the witnesses, as this was the
function of the trier of fact.  See Dewberry v. State, 4 S.W.3d 735, 740
(Tex. Crim. App. 1999); Adelman v. State, 828 S.W.2d 418, 421 (Tex.
Crim. App. 1992).  Instead, our duty is to determine if the findings of the
trier of fact are rational by viewing all of the evidence admitted at trial in
the light most favorable to the verdict.  Adelman, 828 S.W.2d at 422. 
In so doing, any inconsistencies in the evidence are resolved in favor of the
verdict.  Curry v. State, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

Legal Sufficiency Analysis

      Williams was indicted for “intentionally,
knowingly, or recklessly caus[ing] bodily injury to Jenetta Williams, a member
of [his] family or household….”  See Tex.
Pen. Code Ann. § 22.01(a)(1) (Vernon Supp. 2006).

Jenetta testified that she and her
husband had been arguing the night of the incident.  After arguing for over an
hour, she went to her mother’s house and stayed there for several hours.  She
returned home but remained in her car because she was still angry.  Williams
approached and reached inside the car and yelled for her to unlock the door.  Jenetta
“threw [her] car into reverse.”  As the car sped to the end of the driveway,
Williams “was able to hang on for dear life.”  Jenetta stopped the car, put it
in drive, then spun the car around and saw a body lying in the yard.  She drove
through the front yard and then to the convenience store.  She testified that her
hair was brittle and she assumed Williams grabbed her hair during the incident
because her braids had come out.  She further testified that she created the
story about him intentionally hurting her because she was afraid of going to
jail.

Rodriguez testified that Jenetta
appeared to have been injured when he met with her at the convenience store. 
He observed that her head was red and she was emotional.  After discussing the
incident with her, Rodriguez and two other officers went to her home to
question Williams.  He was not at the residence when the officers arrived;
however, Rodriguez noted that the evidence found at the home was consistent
with Jenetta’s story.  He testified that he saw tire tracks in the yard
“indicating that [she] drove through her front yard in an attempt to get away”
and he found Jenetta’s braids near the tire tracks.

      The State relies on Chambers for the
proposition that the jury is entitled to resolve conflicts in the evidence and
it may choose to disbelieve a witness’s recantation.  Chambers v. State, 805
S.W.2d 459, 461 (Tex. Crim. App. 1991).  Although the State is correct that
recantation does not destroy a statement’s probative value, once a witness
recants, the court can consider a prior statement only if it is before the
court.  See id. at 460.  In the present case, Jenetta’s prior statement
was objected to on hearsay grounds and was not admitted into evidence.  The
only evidence admitted concerning the incident was Jenetta’s testimony.  Although
there was evidence that she was injured, there is no evidence establishing that
Williams intentionally, knowingly, or recklessly committed the act.  Even
considering all the evidence in the light most favorable to the verdict, we
hold that no rational factfinder could have found that Williams committed the
offense of assault beyond a reasonable doubt.  See Jackson, 443 U.S. at 318-19, 99 S.Ct. at 2781; Santellan v. State, 939 S.W.2d 155, 160 (Tex. Crim. App. 1997).  Accordingly, we sustain Williams’s first issue.




Conclusion

      Having sustained Williams’s first issue, we
reverse the trial court’s judgment and render a judgment of acquittal.

 

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

(Chief Justice Gray dissenting)

Reversed
and rendered

Opinion
delivered and filed January 24, 2007

Do
not publish 

[CR25]